**BRADLEY/GROMBACHER, LLP**
Marcus Bradley (SBN 174156)
mbradley@bradleygrombacher.com
Kiley Grombacher (SBN 245960)
kgrombacher@bradleygrombacher.com
Lirit King (SBN 252521)
lking@bradleygrombacher.com
31365 Oak Crest Drive, Suite 240
Westlake Village, CA  91361
Telephone: (805) 270-7100
Facsimile: (805) 618-2939

**CAPSTONE LAW APC**
Orlando Villalba (SBN 232165)
Orlando.Villalba@capstonelawyers.com
Helga Hakimi (SBN 257381)
Helga.Hakimi@capstonelawyers.com
Roxanna Tabatabaeepour (SBN260187)
Roxanna.Taba@capstonelawyers.com
1875 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone: (310) 556 4811
Facsimile: (310) 943 0396

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANDRO RODRIGUEZ on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MITSUBISHI CHEMICAL CARBON FIBER AND COMPOSITES, INC., et al.<br><br>Defendants. | CASE NO. 8:21-CV-01711-CJC (JDEx)<br><br>Assigned to: Hon. Cormac J. Carney<br><br>**JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT** |

**JUDGMENT**

The Motion for Final Approval of a Class Action Settlement and Motion for Attorneys' Fees, Costs, and Service Awards is an unopposed motion filed by Plaintiff Sandro Rodriguez. The parties have entered into a Joint Stipulation of Settlement and Release ("Settlement Agreement" and "Settlement"), a copy of which was submitted with the Motion. The matter came on for a hearing before this Court, Hon. Cormac J. Carney presiding, for hearing on June 12, 2023 at 1:30 p.m. The Court, having reviewed and considered the Motion, the accompanying memorandum and supporting documents, the Settlement Agreement, and the file in the case, HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS.

1. This Judgment incorporates by reference and approves the Settlement Agreement. Unless otherwise provided herein, all capitalized terms shall have the same meaning as those terms are defined in the Settlement Agreement.

2. This Judgment incorporates by reference the Order Granting In Substantial Part Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement [Dkt. 30] And Motion for Attorneys' Fees and Costs [Dkt. 27], which the Court entered on June 12, 2023. *See* Dkt. 33.

3. Plaintiff Sandro Rodriguez filed two lawsuits against Defendants Mitsubishi Chemical Carbon Fiber and Composites, Inc., Mitsubishi Chemical Holdings America, Inc., and Mitsubishi Chemical America, Inc. ("Defendants"): *Rodriguez v. Mitsubishi Chemical Carbon Fiber and Composites, Inc. et al.*, Case 8:21-cv-01711-CJC-JDE, pending in the U.S. District Court, Central District of California (herein separately referred to as the "Class Action" or "Action"); and *Rodriguez v. Mitsubishi Chemical Carbon Fiber and Composites, Inc. et al.*, Case 30-2022-01253057-CU-OE-CXC, pending in the Orange County Superior Court (herein separately referred to as the "PAGA Action").

4. As part of settlement, the Parties agreed to amend the operative

complaint in the Class Action to add a PAGA claim, and agreed to dismiss the PAGA Action. The court in the Class Action approved Plaintiff's request to amend the complaint. On September 13, 2022, Plaintiff filed a First Amended Complaint adding a PAGA claim for civil penalties in addition to his class claims.

5. The Court has jurisdiction over the subject matter of this proceeding and over all Parties to this proceeding. In addition, the Court has personal jurisdiction over all parties with respect to the Class Action and this Settlement.

6. The parties exchanged informal discovery, including a review of company documents and information that reflect Class data and company policies, and engaged in an early mediation of Plaintiff's claims with well-respected private mediator, the Hon. Jay Ghandi (Ret.). With the assistance of the mediator, the parties reached a settlement in principle of all of Plaintiff's class and representative claims. On or about September 26, 2022 the Parties executed the Settlement Agreement, setting forth the terms of this Settlement.

7. Pursuant to the Preliminary Approval Order of January 18, 2023, the Settlement Administrator mailed the Class Notice to all Class Members by first-class U.S. mail. The Notice informed the Class of the terms of the Settlement, of their right to receive their proportional Settlement Payment, of their right to request exclusion from the Class and the Settlement, and of their right to comment upon or object to the Settlement and appear in person or by counsel at the final approval hearing.

8. In response to the Notice, 0 members of the Class filed objections to the Settlement, and 0 members of the Class requested to be excluded from the Settlement.

9. The Court finds and determines that the notice procedure afforded adequate protection to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement. The Court finds and determines that the Notice provided in the Action was the best notice practicable,

1   which satisfied the requirements of due process. A full opportunity has been
2   afforded to the Class Members to participate in this hearing, and all Class Members
3   and other persons wishing to be heard, if any, have been heard. Accordingly, the
4   Court determines that all Class Members who did not timely and validly submit a
5   Request for Exclusion are bound by this Judgment. The Court further determines
6   that all Class Members who did timely and validly submit a Request for Exclusion
7   are bound by this Judgment with respect only to the PAGA portion of the
8   Settlement.

9    10.   In making this finding of final approval, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement payments among the class members, and the fact that Defendants do not admit any liability and do not characterize this Settlement as an admission of liability as to any claim asserted by any party, and the fact that the Settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial.

16    11.   The Court finds that the parties conducted extensive investigation, research, and informal discovery, and that their attorneys were able to reasonably evaluate their respective positions. The Court further finds that the Settlement was reached as a result of informed and non-collusive arm's-length negotiations facilitated by an experienced class action mediator.

21    12.   The Court also finds that the Settlement will enable the parties to avoid additional and substantial litigation costs, as well as the delay and risks that would be present if the parties were to continue to litigate the case.

24    13.   The Court has reviewed the monetary recovery provided as part of the Settlement and recognizes the value accorded to the Class. The Court further finds that the terms of the Settlement Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member.

28    14.   The Court finds and determines that the terms of the Settlement

Agreement are fair, reasonable, and adequate to the Class and to each Class Member, and in the best interest of the Class. As such, the Court hereby grants FINAL APPROVAL to the Settlement as, in all respects, fair, adequate, and reasonable, and directs the parties to effectuate the Settlement according to its terms.

15. The Court has certified for settlement purposes only the following Class pursuant to Rule 23 of the Federal Rule of Civil Procedure:

> "**All current and former non-exempt employees who worked for Defendants in California during the period December 23, 2018 through October 1, 2022.**"

The Court deems this definition sufficient for settlement purposes and finds that the requirements of Rule 23 have been satisfied with respect to the Settlement.

16. The Court finally approves Sandro Rodriguez as the Class Representative. The Court hereby determines that the requested Enhancement Award to Plaintiff and class representative Sandro Rodriguez in the amount of $5,000 is appropriate under the circumstances of the case and the time and effort spent by Plaintiff in litigating the case on behalf of the Class and the PAGA Group Members.

17. The Court finds and determines that the Individual Settlement Payments provided for by the terms of the Settlement Agreement are fair and reasonable. The Court hereby orders the payment of those Individual Settlement Payments to the Class Members in accordance with the terms of the Settlement Agreement.

18. The Court appoints Bradley/Grombacher, LLP and Capstone Law APC, as Class Counsel.

19. The Court finds and determines that the attorneys' fees request of 25% of the total settlement, or $194,000, is reasonable under both methods used in the courts in this Circuit for determining fee awards in class action cases: the

1  percentage-of-the-recovery method and the lodestar method. The percentage
2  requested is well within the range of percentage awards approved in this Circuit,
3  and Class Counsel have submitted declarations indicating that the lodestar is
4  substantial and reasonably incurred. The Court further finds and determines that the
5  litigation costs request of $15,000 is reasonable in amount. Class Counsel has
6  submitted a declaration categorizing these costs and showing that they were
7  necessary to secure the resolution of this litigation.

8      20.    Pursuant to the terms of the Settlement Agreement, and the authorities,
9  evidence, and argument submitted by Class Counsel, the Court hereby awards Class
10 Counsel attorneys' fees in the amount of $194,000 and litigation costs in the amount
11 of $15,000 to be paid from the settlement fund as final payment for and complete
12 satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class
13 Counsel.

14     21.    The Court finds and determines that the payment to the Settlement
15 Administrator, Phoenix Settlement Administrators, in the amount of $9,000 is fair
16 and reasonable. The Court hereby awards the Settlement Administrator the amount
17 of $9,000 in administrative costs for its work on the settlement administration in
18 this case.

19     22.    The Court finally approves payment to the Labor Workforce
20 Development Agency ("LWDA") in the amount of $37,500 and determines that it
21 is fair and reasonable. The Court likewise approves payment in the amount of
22 $12,500 to PAGA Group Members: All Class Members employed by Defendants
23 at any time between September 7, 2020 through October 1, 2022.

24     23.    The Court finds and determines that the release of the Released Parties
25 from the Released Claims contained in the Settlement Agreement is appropriate and
26 shall bind all Class Members who did not timely opt out of the Settlement.

27     24.    Nothing in this Order shall preclude any action to enforce the Parties'
28 obligations pursuant to the Settlement Agreement or pursuant to this Judgment,

including the requirement that Defendants make payments in accordance with the Settlement Agreement.

25. The Court hereby enters final judgment in accordance with the terms of the Settlement Agreement, the Court's Order Granting Preliminary Approval of the Settlement, and the Court's Order Granting In Substantial Part Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement [Dkt. 30] And Motion for Attorneys' Fees and Costs [Dkt. 27],

26. The parties shall bear their own costs and attorneys' fees except as otherwise provided by this Judgment.

**IT IS SO ORDERED.**

Dated: June 14, 2023

Hon. Cormac J. Carney